OPINION
{¶ 1} Teresa A. Brobeck, nka Parks, appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, sustaining the motion made by appellee David D. Brobeck to modify custody and designate him the legal custodian and residential parent of the parties' minor child. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR;
 {¶ 2} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING CUSTODY AND DESIGNATING THE PETITIONER-APPELLEE THE LEGAL CUSTODIAN AND RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILD.
{¶ 3} The record indicates the parties dissolved their marriage in March of 1995. They had produced one child, born in June of 1991. Originally, appellant was the residential parent of the child, and appellee had visitation rights with her.
{¶ 4} Thereafter, the record is replete with motions and cross motions dealing with problems in visitation. Additionally, the record contains various allegations that appellee had sexually abused the child. Children's Hospital in Columbus, and a child psychologist both reported they were unable to substantiate the allegations. An Ohio grand jury had returned a no bill on similar charges. At the trial before the magistrate, appellant admitted allowing the maternal grandparents to care for the child, and denied her previous deposition that the maternal grandfather had abused appellant when she was a child. The examining psychologist also reported an instance of what she believed to be an inappropriate conversation between the child and appellant's husband. The record also indicates the child had made reports of sexual abuse, and then recanted them. Another examining psychologist testified there are many reasons to question the accuracy of the child's allegations of sexual abuse, citing specifically the possibility of manipulation by appellant.
{¶ 5} The guardian ad litem's report stated appellant would go to any and all lengths to make sure appellee did not have contact with the child, and was conducting what the guardian ad litem referred to as "psychological warfare" which was greatly detrimental to the child. The guardian ad litem recommended appellee be designated as the residential parent and, indicated grave concerns for the child while in appellant's custody.
{¶ 6} In general, the Ohio Supreme Court has directed us, when reviewing a trial court's order entered in a domestic relations case, to apply the abuse of discretion standard, Booth v. Booth (1989),44 Ohio St.3d 142, 144. The Supreme Court has specifically made the abuse of discretion standard applicable to custody proceedings in Miller v.Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. A trial court must have discretion to do equity upon the individual facts and circumstances of each case, see e.g., Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. Therefore, the Supreme Court has often defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
{¶ 7} Appellant argues the decision of the magistrate, adopted by the trial court, constitutes
{¶ 8} an abuse of discretion, is punitive in nature, and does not properly consider the best interest of the child. Our review of the record in this case leads us to the conclusion the trial court's judgment is not unreasonable, arbitrary or unconscionable, and thus, the trial court did not abuse its discretion.
{¶ 9} The assignment of error is overruled.
{¶ 10} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
By GWIN J., and HOFFMAN, P.J. EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant.